## NEAL WALKER vs. JOHN S. NEWHOUSE.

1. If the owner of land grants a right of way to another, and afterwards grants the land to a third person, he takes it subject to the right of way.

2. If the plaintiffs in trespass, claims title directly as intermediately under a person, who has previously granted a right of way over the land to the defendant, it is a good defence for passing over the land; and in such cases it is immaterial whether the person under whom both claim, had title or not.

3 Our statute permits the record of a deed to be read, when the original is lost, or is not in the power of the party wishing to use it; but the practice, in admitting or rejecting such testimony, must depend somewhat on circumstances.

4. A defendant is only bound to make out a prima facia defence, and will not be presumed to have in his possession the plaintiff's title papers.

## APPEAL from the St. Louis Circuit Court.

### STATEMENT OF THE CASE.

Newhouse, the appellee, brought his action of trespass *qua clau. fre.* in St. Louis circuit court against Walker, the appellant. Walker appeared, and pleaded several pleas, to some of which a demurrer was sustained. As the questions arising on the demurrers are not brought into this court, it is not necessary to set out the progress of the litigation in settling the pleadings. The pleas, as finally settled, were the following:

1st. The general issue.

2nd. A plea of license.

3d. A plea stating that on the 19th of November, 1839, John Riggin was the owner in fee o the *locus in quo*, and by deed of that date did grant to the defendant a right of way over the *locus*, and did make out, assign and designate the said way, and did put the defendant in the use and enjoyment of the same, and the defendant justifies the trespasses under the said grant of way.

4th. A plea stating a grant of way by John Riggin. the owner of the *locus*, and justifying the trespasses under said grant, as in the former plea.

The replications to these pleas were as follows:

1st. To the general issue.

2nd. A traverse of the license stated in the 2nd plea.

3d. To the 3d plea three replications:

First. That Riggin did not grant the way.

Second. Tnat Riggin was not owner in fee.

Third. That Riggin did not mark out said way.

4th. To the fourth p.ea two replications.

First. That Riggin was not owner in fee.

Second. That he did not grant the way.

The issue thus found was tried by a jury.

The plaintiff proved that he had been for some years in possession of a farm, over which the defendant claimed the right of way in question, and that at various times before the bringing of this suit, the defendant with his teams and carriages·passed and repassed across and over his farm. This was the plaintiff's case.

The defendant then introduced witnesses who proved, in substance, that they were acquainted with the premises, and that defendant had frequently travelled over plaintiff's land from defendant's land to the Bellefontaine Road. The testimony of the witnesses tended to prove that the defendant had no other way of getting from his house and land to the public road,

Dishawan testified that he knew the premises in question at the time that Riggin lived there in 1839. The way was then used by Walker, and was plainly marked. Riggin told witness it was Walker's road; it was so called. A diagram showing the situation of the premises was proved, and is preserved on the record.

The defendant then read a deed from Riggin and wife, dated November 9, 1839, to defendant, regularly executed and recorded. It contained this clause :

"The said parties of the first part, for themselves and their heirs, further contract and agree with said Neal Walker that they shall and will provide a road or outlet for the free egress and ingress of said Walker, his heirs or assigns from the tract of land aforesaid to the road commonly called the Bellefontaine Road, for and during the full term and time of twenty years yet to elapse, commencing from and after the day and date hereof "

The defendant then read a deed from Riggin and wife to O'Fallon, dated March 9, 1840, conveying the land lying east of Walker, subject to the right of way, as expressed in the deed to Walker.

The defendant then offered a copy of a deed duly certified from Riggin to Ferguson. The plaintiff objected that the original was not accounted for, and that the copy was inadmissible. The court sustained the objection and the defendant excepted.

The defendant offered the deposition of Riggin. The plaintiff, however, objected that Riggin was incompetent to testify, on the score of interest, and from the record it appears that the plaintiff at the time of the trial (no previous notice having been given) called on the defendant's attorney to produce some deed from Riggin, that the attorney refused, and thereupon the plaintiff read a copy, (the defendant objecting) and the court thereupon excluded the deposition of said Riggin. The defendant excepted.

The court gave these instructions for plaintiff:

"Unless the jury find from the evidence that the plaintiff either claimed title or possession of the premises mentioned in his declaration, either directly or mediately from John Riggin, no grant by said Riggin can rest in said defendant as against the plaintiff a right of way over said premises, provided the jury shall find that the plaintiff had possession of said premises at the time of the committing of the trespasses for which he sues, claiming to be owner thereof."

"The jury will exclude from their consideration the testimony of Dishawan as to the declarations of Riggin in regard to Walker's road."

Defendant excepted to the above.

The court refused the following instructions moved by defendant :

1. "If the court shall believe from the evidence that the defendant did no more in passing over the land of the plaintiff on a road granted to him by deed from Riggin, dated 19th Nov. 1839, given in evidence, than in using a road or outlet for the egress or ingress of himself and

family from his farm or land to and from the Bellefontaine road, then the plaintiff cannot recover in this action."

2. "The bare possession of Riggin, in the absence of all proof of a better title, is sufficient to authorize the granting to defendant a right of way, and if the jury believe that said Riggin did grant said right of way, and designate a road for said defendant to travel on, and that said defendant did occupy and travel said road, without doing any injury to the premises beyond the necessity of the case, then the verdict must be for the defendant."

3. "That a bare possession of real estate is not sufficient to support this action, unaccompanied by any proof of the right to the possession."

The defendant excepted to the refusal of the court as to the foregoing instructions.

The jury found a verdict for the plaintiff.

A motion for a new trial assigning the usual reasons, was made, and overruled by the court To this action of the court the defendant excepted.

The case comes to this court by appeal.

### FIELD & CARROLL, attorneys for appellant.

I. The court below erred in excluding Riggin's deposition.

The plaintiff, having examined the witness himself as to his interest, was precluded from going into other evidence on that point. 1 Greenl. Ev. p. 573, sec. 423. Besides, it was wholly irregular to show a copy in evidence on a mere call for the original at the trial, without a previous notice to produce it.

II. There was error in rejecting the copies of deeds offered by the defendant, for he did not claim under them and would be presumed not to have the custody of the originals. See the rule on this subject stated in 1 Greenl. Ev. 640, note 2, and cases there cited.

III. There was error in giving the plaintiff's instructions.

1st. The possession of Riggin was evidence of title in fee sufficient to support the grant or even to sustain an ejectment against Newhouse, for anything shown by the latter on the trial. Crockett vs. Morrison, 11 Mo R. 1.

2nd. Whether Newhouse claimed under Riggin was, therefore, immaterial in the actual state of the testimony.

3d. But there was sufficient evidence to warrant the court and jury in finding that Newhouse claimed under Riggin, for he succeeded him in the possession, and Riggin's possession must be presumed 'rightful, consequently Newhouse must have claimed under Riggin or be regarded as a trespasser on his possession.

4th. The second instruction was plainly erroneous, for the declarations there spoken of refer to the particular locality of a way which the party had granted and was bound to mark out and assign.

5th. The use of the way by the defendant before and contemporaneously with the plaintiff's going into the possession, is a decisive circumstance of notice to the plaintiff, which the court below took sight of.

IV. The second instruction moved by the defendant ought to have been given for the reasons already stated.

V. The defendant as against Riggin and those claiming under him, was entitled to a way from necessity.

VI. The merits of the case were plainly with the defendant below, and a new trial ough to have been granted.

### POLK, for defendant in error.

1. It appears from the record that when defendant offered the deposition of John Riggin the

## Walker vs Newhouse.

plaintiff objected to it as inadmissible for the reason of the witness' interest. This interest he offered to prove ; and for this purpose he called on the attorney of defendant to produce a deed from said Riggin to defendant, which he refused to produce ; and therefore the counsel of plaintiff offered to read to the court, for the purpose of showing the witness interested, a duly certified copy of the record of said deed. And though the defendant objected, the court allowed such copy to be read. And such copy was competent. The original was in possession of the defendant. The attorney did not deny having the deed demanded in his possession in court, but admitting impliedly its possession, refused to produce it. In such a state of things, the plaintiff was authorized to prove its contents and give a certified copy of the record of the deed in evidence. 1 Stark. Ev. 353 ; Lynde vs. Judd, 3 Day, 499.

II. The bill of exceptions does not give the copy of the deed which plaintiff's counsel read to the court to show the interest of the witness Riggin. This court, therefore, cannot see that said witness was interested. This court will presume that the court below acted correctly, until the contrary be shown. This court cannot, therefore, reverse the judgment of the court below for excluding Riggin's testimony. State vs. McCutchen, 5 Mo. R. 522 ; Stewart vs. Small, 5 Mo. R. 528.

II. (A) The bill of exceptions does not contain the deposition of Riggin which was offered by defendant and excluded by the court, and therefore, this court cannot say that the court below erred. Finney vs. Watkins decided at this term of the court. This point, if ruled for appellee, disposes of the two first points.

III. The bill of exceptions shows that the defendant offered in evidence the copy of a deed from John Riggin's trustee to Alexander Ferguson, which, on objection by plaintiff's counsel was excluded by the court.

The appellee insists that the circuit court did right in excluding the copy.

As preliminary to offering the copy, it was not shown that the original was in the possession of the opposite party, and that he had been notified to produce it. The opposite party was not a party to the deed. The parties to it were strangers, and of course it was to be presumed they had the original deed. In such case, a subpœna duces tecum would have produced the deed unless it was lost or destroyed, and it was not shown to have been either lost or destroyed, nor was it shown that the original was not in the power of the defendant.

It is submitted, therefore, that there was no case ma te for giving the copy in evidence, and the circuit court did right to exclude it from the jury.

A transcript of the record of a deed by the statute can only be read in evidence where it shall be shown to the court that the deed is lost, or not within the power of the party wishing to use it. See code of 1845, p, 227 sec. 46.

IV. The record shews that plaintiff, Newhouse, had possession of the premises trespassed upon by the defendant, Walker, at the time of the commission of the trespass. The record also shows, that Newhouse neither derived such possession nor claimed any title under John Riggin. It is also obvious in such a case, that a grant of right of way over the premises by Riggin, could in no manner give any right to Walker against Newhouse to enter upon the same, and intrude upon Newman's possession—unless it was true that Riggin had title paramount to said premises. But the record shows no such title in Riggin.

The first instruction given by the court below, on prayer of plaintiff, but asserts these plain propositions. And it was therefore correctly given by that court.

V. If the plaintiff below did not claim either title or possession of the premises trespassed upon by the defendant Walker, from John Riggin, then it is clear, that no declarations by Riggin about Walker's road could in any way effect the rights of said plaintiff; for Riggin would be but a stranger to the plaintiff. This is the very case that is made by the bill of exceptions in this cause.

The court below, therefore, might well tell the jury, as it did, in the second instruction asked by plaintiff's counsel, that they ought to exclude from their consideration the testimony of Dishawan as to the declarations of John Riggin in regard to Walker's road

The court below did right in refusing the first instruction prayed by defendant's counsel.

That instruction assumes that Riggin had the power of granting a right of way over the premises in plaintiff's possession. But the truth in the case was, he had no such authority. He could not make such grant as having the paramount title; for, as already stated, no such title was shown in him.

Nor could he make a grant which would be good as against the plaintiff, even though he had not the paramount title, on the ground that the paintiff would be bound by it, because of his relation to Riggin; for he in no way claimed either his possession or any sort of title from Riggin.

VII. The second instruction of the defendant, asserts the proposition that a bare possession in Riggin was sufficient to authorize him to grant a right of way that would be good, even after his possession had ceased, against all the world. It does not say—against those claiming under Riggin.

It is undeniable that the naked possession of Riggin was no better than the naked possession of Newhouse, not derived from Riggin. He therefore, could not, while in possession, make a grant which could effect the subsequent and independent possession of the plaintiff, Newhouse.

VIII. Mere possession is sufficient to enable the plaintiff to maintain this action, and the circuit court ought to have refused the defendant's 3d instruction, as it very properly did: 1 Chi*. Pl., 161; 1 East. R., 244; 4 Jannt. 547; 3 Bur. 1563; 2 Stark. Ev. 303.

NAPTON, J , delivered the opinion of the court.

How the merits of this case may be, does not appear from the state of the evidence. The plaintiff brought trespass *quan clau fregit*, and the defendant justified under a right of way derived from one Riggin, in 1838. The plaintiff proved his possession and the commission of the trespasses charged, and the defendant produced a deed from "Riggin in 1839, giving him a right of way over the land then occupied by Riggin, and now by plaintiff. The defendant also attempted to trace the plaintiff's title to Riggin, and for this purpose offered a record copy of a deed from Riggin's trustee to one Ferguson. But this was excluded, because it was a copy, and here the case ended.

If Riggin was the owner of the land in question in 1839, or whether owner or not, if the plaintiff claimed under him directly or intermediately, it is clear that the defendant made out his defence. If the plaintiff held under Riggin, he took Riggin's tittle or interest, subject to the covenant.

Our statute permits the record of a deed to be read, when the original is lost or is not in the power of the party wishing to use it. There is no pretence here that the original was lost, and the question is, whether the defendant comes within the other contingency provided for. It is certain that the defendant might have issued his *subpœna duces tecum*—but to whom? It is sometimes customary for vendors to part with their title papers, but they are sometimes retained. Besides,

it is not certain that whoever might have been summoned, would have been compelled to produce his deeds. There are many cases in which a party is not compelled to produce his title papers.

The defendant was only bound to make out a prima facie case. He is not presumed to have in his possession the plaintiff's title papers. I am not prepared to say, that the position taken by the plaintiff in this case may not be correct in general, and that a court in most cases, before permitting a record copy of a deed to be read, would require some efforts to have the original produced. The practice must depend somewhat on circumstances. It is obvious, that in this case, if the copies of the deeds offered had been produced and used, the plaintiff had it in his power to correct any mistake, by producing the original.

The instructions which the court gave were correct. We think the court should have admitted the record copies of the deeds offered.

Judgment reversed and cause remanded.